**E-FILED**
Thursday, 26 January, 2017  10:28:15 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| AMIR MARMARCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 16-cv-2326 |
| | ) | |
| UNIVERSITY OF ILLINOIS, and | ) | |
| ALEX KIRLIK, HOLLY KIZER, | ) | |
| ANNE KOPERA, RAMAVARAPU | ) | |
| SREENIVAS, WOJTEK CHODZKO- | ) | |
| ZAJKO | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12(b)

NOW COME Defendants, BOARD OF TRUSTEES OF THE UNIVERSITY OF

ILLINOIS (the "University"), incorrectly sued as "University of Illinois," ALEX KIRLIK,

HOLLY KIZER, ANNE KOPERA, RAMAVARAPU SREENIVAS, and WOJTEK

CHODZKO-ZAJKO, by and through their attorneys, Thomas, Mamer & Haughey, LLP, and for

their MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE

12(b), state as follows:

1.      Plaintiff, Amir Marmarchi was a former graduate student at the University of Illinois.

(See Complaint 16-cv-2326, Summary of 24 Complaints, Introduction).

2.      Mr. Marmarchi has filed two federal lawsuits—16-cv-2325 and 16-cv-2326. The first

complaint is a *pro se* civil rights complaint involving alleged retaliation and fraud; the

second case is an employment discrimination complaint filed *pro se*.

3.      Both Complaints in their entirety lack any form of cohesiveness, clarity, or specificity

that give Defendants notice to the charges brought against them.

4.      Plaintiff lists "University of Illinois" as a Defendant in this case. The "University of Illinois" is not an entity capable of being sued.

5.      Defendant Board of Trustees of the University of Illinois, improperly sued as "University of Illinois," is an arm of the State, and as such, entitled to Eleventh Amendment immunity for claims stemming from the ADEA; ADA; race discrimination claims brought under 42 U.S.C. § 1981 through 42 U.S.C. § 1983; First Amendment freedom of speech claims; and due process claims. Therefore, all such claims should be stricken and dismissed from the Complaint.

**<u>Age Discrimination in Employment Act ("ADEA"), 29. U.S.C. § 621</u>**

6.      Plaintiff alleges Defendants discriminated against Plaintiff on the basis of age under the Age Discrimination in Employment Act ("ADEA"), 29. U.S.C. § 621.  (Complaint 16-cv-2326, ¶ 7).

7.      The ADEA does not permit individual liability, requiring all ADEA claims against individual Defendants be dismissed.

8.      Plaintiff has failed to exhaust administrative remedies and the limitations period to file an ADEA claim with the EEOC or IDRH has lapsed, requiring dismissal of ADEA claims against all Defendants.

9.      Plaintiff has failed to state a cause of action under the ADEA, requiring dismissal of ADEA claims against all Defendants.

10.     Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint 16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages and damages for pain and suffering should be stricken because they are not allowed under the ADEA.

### American's with Disabilities Act ("ADA"), 42 U.S.C. §12101, and/or The Rehabilitation Act, 29 U.S.C. §701

11.  Plaintiff alleges by checking a box that Defendants discriminated against Plaintiff on the basis of disability under the American's with Disabilities Act ("ADA"), 42 U.S.C. §12101, and/or The Rehabilitation Act, 29 U.S.C. §701.  (Complaint 16-cv-2326, ¶ 7).

12.  The ADA and Rehabilitation Act do not permit individual liability, requiring all that disability discrimination claims against individual Defendants be dismissed.

13.  Plaintiff has failed to exhaust administrative remedies and the limitations period to file an ADA claim with the EEOC or IDRH has lapsed, requiring dismissal of ADA claims against all Defendants.

14.  Rehabilitation Act claims against all Defendants should be dismissed because Plaintiff has not shown an adverse employment action based solely on disability.

15.  Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint 16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages and compensatory damages sought under the ADA or Rehabilitation Act claims should be stricken because Plaintiff has not shown a basis for recovery.

### Title VII of the Civil Rights Act of 1964

16.  Plaintiff alleges Defendants discriminated against Plaintiff on the basis of national origin and race under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. (Complaint 16-cv-2326, ¶ 7).

17.  Title VII does not permit individual liability, requiring all Title VII claims against individual Defendants be dismissed.

18.    Plaintiff has failed to file a charge with the EEOC or IDRH and receive a right-to-sue letter, requiring dismissal of Title VII claims against all Defendants.

19.    Title VII claims against all Defendants should be dismissed because Plaintiff has failed to sufficiently plead a cause of action.

20.    Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint 16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages sought against the Board of Trustees of the University of Illinois should be stricken because Plaintiff has not shown a basis for recovery.

**Race Discrimination - 42 U.S.C. § 1981**

21.    Plaintiff alleges Defendants discriminated against Plaintiff on the basis of race under 42 U.S.C. § 1981.  (Complaint 16-cv-2326, ¶ 7).

22.    Claims brought under 42 U.S.C. § 1981 against the Board of Trustees of the University of Illinois must be brought through 42 U.S.C. § 1983 are barred by a two-year statute of limitations, and accordingly must be dismissed.

23.    Plaintiff has not sufficiently pleaded a claim under 42 U.S.C. § 1981 against Defendants Holly Kizer, Anne Kopera, Ramavarapu Sreenivas, and Wojtek Chodzko-Zajko, because they did not participate in any alleged discriminatory behavior, and must be dismissed.

24.    Plaintiff has not pleaded a 42 U.S.C. § 1981 claim against Defendant Alex Kirlik and there is no causal connection between alleged retaliation and any protected activity, and must be dismissed.

25.    Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint 16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages sought under 42 U.S.C. § 1981 should be stricken because Plaintiff has not shown a basis for recovery.

## Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611

26.     Plaintiff alleges Defendants discriminated against Plaintiff on the basis "use of leave" under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611.  (Complaint 16-cv-2326, ¶ 7).

27.     Plaintiff's FMLA claims must be dismissed as to all Defendants, because Plaintiff did not meet the statutory definition of an "employee," as required to bring an FMLA claim against Defendants.

28.     Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint 16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages and emotional damages are not allowed under the FMLA and should be stricken.

## Freedom of Speech

29.     Plaintiff alleges Defendants violated his "freedom of speech," which appears to be a First Amendment claim.  (Complaint 16-cv-2326, Summary of Complaints ¶ 8).

30.     Plaintiff cannot show that he was engaged in constitutionally protected speech regarding a matter of "public concern."

31.     Any freedom of speech claims are barred by the two-year statute of limitations.

32.     First Amendment claims against any individual Defendants must be dismissed, because there is no First Amendment liability for private actors.

33.     Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint 16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages sought against the Board of Trustees of the University of Illinois for alleged freedom of speech violations should be stricken because Plaintiff has not shown a basis for recovery.

### Due Process

34.    Plaintiff makes numerous allegations regarding the internal administrative grievance

process by which various Defendants conducted the review of Plaintiff's dismissal from

the Ph.D. program—allegations which appear to be a due process claim. (Complaint 16-

cv-2326, Summary of 24 Complaints ¶¶ 11, 14, 18–21).

35.    Plaintiff's due process claims against all individual Defendants should be dismissed

because Plaintiff has not sufficiently pleaded that he was deprived of a constitutionally

protected right without due process.

36.    Plaintiff seeks punitive damages in his prayer for relief by checking a box. (Complaint

16-cv-2325 § 5, ¶ 2; Complaint 16-cv-2326 ¶ 13(g)). Punitive damages sought against the

Board of Trustees of the University of Illinois for due process claims under 42 U.S.C. §

1983 should be stricken because Plaintiff has not shown a basis for recovery.

### Fraud

37.    Plaintiff alleges Defendant Alex Kirlik, and possibly other Defendants, engaged in fraud,

but does not specify a cause of action nor provide details of the alleged fraud. (Complaint

16-cv-2326, ¶ 11; Summary of 24 Complaints ¶¶ 3, 7, 12; Complaint 16-cv-2325,

Defendant # 2).

38.    Fraud claims against all Defendants should be dismissed because Plaintiff has not met the

heightened pleading requirements for fraud.

### Intellectual Property

39.    Plaintiff alleges an unspecified intellectual property claim, presumably against Defendant

Alex Kirlik. (Complaint 16-cv-2326, Summary of 24 Complaints ¶ 9).

40.    Intellectual property claims against Defendant Alex Kirlik or any other Defendant should be dismissed because Plaintiff has not sufficiently pleaded any intellectual property cause of action.

### Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 *et seq.*

41.    Plaintiff alleges Defendants violated the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 *et seq.* (Complaint 16-cv-2326, Summary of 24 Complaints ¶¶ 15–17).

42.    Claims under Illinois's FOIA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), because this Court lacks subject-matter jurisdiction to hear claims brought under Illinois's FOIA.

43.    Claims under Illinois's FOIA should be dismissed because Plaintiff has failed to plead a cause of action against any Defendant.

### Intentional Infliction of Emotional Distress

44.     Plaintiff appears to allege a claim for intentional infliction of emotional distress. (Complaint 16-cv-2326, Summary of 24 Complaints ¶ 24).

45.    Claims for intentional infliction of emotional distress are barred by the two-year statute of limitations, and should be dismissed for all Defendants.

46.    Claims for intentional infliction of emotional distress should be dismissed because Plaintiff has failed to plead a cause of action against any Defendant.

47.    Defendants have separately filed and hereby incorporate their memorandum of law supporting this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b).

WHEREFORE, Defendants pray that their MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCDURE 12(b) be granted, that they be awarded their costs of
suit, and such other relief as this Court deems just.


Respectfully submitted,

Board of Trustees of the University of Illinois, and
University of Illinois, defendants,

By:     /s/ **WILLIAM J. BRINKMANN**

William J. Brinkmann
Kenneth D. Reifsteck
Philip J. Pence
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
PH: (217) 351-1500
Fax: (217) 351-2169
wjbrinkm@tmh-law.com
kdr@tmh-law.com
philip@tmh-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2017, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties.

I further hereby certify that on January 26, 2017, I mailed by United States Postal Service, the document to the following party:

Amir Marmarchi
419 Warren Ave.
Normal, IL 61761

/s/ **WILLIAM J. BRINKMANN**
Attorney William J. Brinkmann
Attorney ID#:  0296252
Attorney for Defendants
Thomas, Mamer & Haughey, LLP
30 E. Main, PO Box 560
Champaign, IL 61824-0560
PH: (217) 351-1500
Fax: (217) 351-2169
wjbrinkm@tmh-law.com

Prepared by:
William J. Brinkmann
Kenneth D. Reifsteck
Philip J. Pence
Thomas, Mamer & Haughey, LLP
30 E. Main St., 5th Flr.; PO Box 560
Champaign, IL 61824
(217) 351-1500
(217) 351-2017
wjbrinkm@tmh-law.com
kdr@tmh-law.com
philip@tmh-law.com